UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAJUAN WIGGINS,
    Plaintiff,

v.

THOMAS KULAWIK, ET AL.,
    Defendants.

No. 3:17-cv-1608 (VAB)

**INITIAL REVIEW OF COMPLAINT AND ORDERS ON PENDING MOTIONS**

Dajuan Wiggins ("Plaintiff"), *pro se* and currently incarcerated at Willard Cybulski Correctional Institution in Enfield, Connecticut, has filed a Complaint under 42 U.S.C. § 1983 against Thomas Kulawik,[1] the Chief of the Norwalk Police Department ("NPD"), for "false arrest and . . . illegal stop and seizure by members of the [NPD] on more than one occasion during calendar year 2015." Compl., Notice of Removal Ex. A, ECF No. 1. Mr. Wiggins initially filed in state court, and Defendants removed to this Court, claiming jurisdiction under 28 U.S.C.A. § 1331. *See* Notice of Removal.

On October 17, 2017, Defendants filed a motion to order Mr. Wiggins to post a cash deposit or bond with recognized corporate surety in the sum of $500 as security for costs. Demand for Security for Costs, ECF No. 8. Mr. Wiggins objected to the motion on November 2, 2017, arguing that he is indigent and cannot be ordered to post such a bond. Pl. Obj. to Def.

---

[1] Plaintiff is also suing other members of the Norwalk Police Department, including Detective Fitzmaurice, Detective Bell, Sergeant Young, Lieutenant Walsh, Officer Geismar, Officer Pugliese, and the city of Norwalk. Compl. at 1. He has failed, however, to list these Defendants in the Complaint's caption, as required by Federal Rule of Civil Procedure 10(a). Failure to list all Defendants in the caption

Demand for Security for Costs, ECF No. 9. Shortly thereafter, Defendants moved to dismiss, arguing that Mr. Wiggins failed to allege that the criminal proceedings against him terminated in his favor, which is required for any claim of false arrest or malicious prosecution. Mot. Dismiss at 6–7, ECF No. 11 (citing *Miles v. City of Hartford*, 445 Fed. App'x 379, 383 (2d Cir. 2011), *Roberts v. Babkiewicz*, 582 F.3d 418, 421 (2d Cir. 2009), and *Henderson v. Williams*, 10-cv-1574 (MPS), 2013 WL 2149698, *3 (D. Conn. May 16, 2013)). Mr. Wiggins had until March 30, 2018, to respond to Defendants' motion, *see* Order, ECF No. 15, but he never submitted a response. For the following reasons, the Court will **DISMISS** the Complaint without prejudice subject to the refiling of an amended complaint and **DENY** Defendants' motions as moot.

I. **STANDARD OF REVIEW**

A court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*,

---

of his amended complaint will result in dismissal of the unlisted Defendants from the case.

470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**II. DISCUSSION**

Mr. Wiggins alleges that he "was the victim of false arrest and an illegal stop and seizure by members of the [NPD] on more than one occasion [in] 2015" and alleges harm suffered as a result of such conduct. Compl. at 1–3. While a plaintiff may bring a Fourth Amendment claim under § 1983 for false arrest or malicious prosecution, *see Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017), "a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Henderson*, 2013 WL 2149698, at *3 (quoting *Walker v. Sankhi*, 494 Fed. App'x 140, 142 (2d Cir. 2012)). "Under Connecticut law, a plaintiff seeking to bring a malicious prosecution or false arrest claim must furnish proof that the underlying charges were terminated in his . . . favor." *Id.* (citing *Miles*, 445 Fed. App'x at 383). Mr. Wiggins's Complaint fails to meet this standard.

Significantly, the Complaint does not state any factual allegations against Defendants. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires any complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (quotation marks, citation, and alteration omitted). Mr. Wiggins's factual allegations therefore are merely legal conclusions.

Indeed, there are no factual allegations detailing the circumstances of an arrest, the crimes with which he was charged, or the result of any ensuing criminal proceeding, factual allegations necessary for this lawsuit to continue. Specifically, Mr. Wiggins must allege that "(1) the defendant initiated or continued criminal proceedings against [him]; (2) the criminal proceeding terminated in [his] favor . . . (3) the defendant acted without probable cause; and (4) the defendant acted with malice." *Conroy*, 275 F. Supp. 3d at 348 (quoting *Babkiewicz*, 582 F.3d at 420). In addition, Mr. Wiggins must allege "that there was (5) a sufficient post-arraignment liberty restraint to implicate [his] [F]ourth [A]mendment rights." *Doe v. Bridgeport Police Dept.*, 00-cv-2167 (JCH), 2000 WL 33116540, *5 (D. Conn. Nov. 15, 2000) (quoting *Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)). Because Mr. Wiggins's Complaint fails to make any of these essential allegations, this case is dismissed under 28 U.S.C. § 1915A(b)(1).

Given Mr. Wiggins's *pro se* status, however, the Court will allow Mr. Wiggins to amend his Complaint to allege facts clearly showing that Defendants violated his Fourth Amendment rights.

### III. CONCLUSION

For all of the foregoing reasons, the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915A(b)(1). To prosecute this case, plaintiff must, within thirty (30) days of the date of this Order, file an amended complaint. The amended complaint must list all Defendants in the case caption, in accordance with Rule 10(a), and clearly state the facts surrounding his arrest and prosecution, which he claims show that Defendants violated his Fourth Amendment rights, in accordance with Rule 8(a)(2). Failure to submit an amended complaint that cures the deficiencies explained above

within thirty (30) days of the date of this Order will result in the dismissal of the case with prejudice.

Defendants' motion for security for costs, ECF No. 8, and motion to dismiss, ECF No. 11, are **DENIED** as moot subject to refiling in the event the Court permits an amended complaint to proceed against them.

SO ORDERED at Bridgeport, Connecticut, this 25th day of April 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE